UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-CR-388(1) (RHK/JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER ON MOTIONS TO WITHDRAW FROM GUILTY PLEA |
| BRIAN MIRANDA ORTIZ,<br>  a/k/a "Juan"<br>  a/k/a "Jose Orlando Soriano-Quijada," | |
| Defendant. | |

This matter is before the Court on Defendant's motions to withdraw from his guilty plea. (ECF Nos. 91, 93 & 107). Defendant's motions are DENIED, for the reasons discussed below.

I.   RELEVANT PROCEDURAL AND FACTUAL HISTORY

The Government first charged defendant by way of a November 5, 2014, criminal complaint. ECF 1. After a November 12, 2014, preliminary hearing during which Magistrate Judge Steven E. Rau found probable cause to believe both defendant and his co-conspirator Fuentes were involved in a methamphetamine conspiracy, ECF 9, the Grand Jury indicted defendant on December 1, 2014. ECF 16. On April 3, 2015, defendant entered a guilty plea to Count 1 of the Indictment, charging him with Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

On July 22, 2015, Defendant through his first trial counsel Ryan Pacyga filed a motion to withdraw his guilty plea. ECF 93. Defendant identified four separate reasons

for his withdrawal request. *Id*. The government responded to that motion on August 21, 2015, and addressed each of his claims. *See* ECF 100. *Id*. The government also requested that defendant's motion be denied, and that this matter be scheduled for sentencing forthwith. *Id.* at 14.

Defendant filed an additional *pro se* submission, sent to chambers on September 14, 2015, and filed on September 15, 2015. ECF 107. Defendant again demanded to withdraw from his plea. *Id*. Defendant provided the same reasons for withdrawal that were identified by his former counsel in his July 2015 submission, as well as some additional claims. *Id*. Given certain of the claims within defendant's *pro se* pleading, as well as representations by his former counsel, the Court on September 28, 2015, granted Ryan Pacyga's request to withdraw from representing defendant. ECF 118. On October 7, 2015, James Sheehy was appointed as defendant's new counsel. ECF 120.

Meanwhile, on October 23, 2015, the government responded to defendant's September 2015 *pro se* motion to withdraw. ECF 124. The government addressed the filing generally, but also stressed that one of defendant's claims was in essence a misrepresentation to this Court. *Id*. More specifically, defendant in his September *pro se* pleading claimed that he should be allowed to withdraw from his plea because "1. I did not sign my name to the agreement." ECF 107 at 1-2. Later, defendant elaborated by providing: "9. Federal Rules of Evidences. Rule 1002 requirement of the original signed plea agreement, which will show that I did not sign my name or print and sign my name to the plea agreement." *Id*. at 2-3. Finally, in regards to demonstrating a fair and just

reason for requesting withdrawal, defendant suggested that "I think I did by not signing my real name to the plea agreement." *Id*. at 3.

In response, the government pointed to various facts that according to the government demonstrated defendant's plea was a knowing, willing, and voluntarily admission of guilt to methamphetamine conspiracy. ECF 124. Moreover, the government argued that defendant's argument that he did not sign the plea agreement "presents and encourages a direct and clear falsity to this court." *Id*. at 6. Moreover, and like the government's previous response in August 2015, it pointed to the plea document itself and transcripts of the plea colloquy in support of the position that defendant had not presented a fair and just reason for plea withdrawal. *Id*. In further support of its argument that the Court should deny defendant's motions to withdraw from his guilty plea, the government also provided transcripts of three separate jail calls placed by defendant on September 8, 2015, and September 22, 2015. *Id*., Exs 1-3.

On October 26, 2015, defendant's new counsel James Sheehy contacted this Court's chambers. Sheehy requested a hearing to address his continued representation of defendant. The matter was set for a November 13, 2015, status hearing. ECF 126. Meanwhile, on October 30, 2015, defendant filed another *pro se* pleading – this time entitled a "Declaration" – which again addressed his motions to withdraw from his guilty plea. ECF 127. That *pro se* declaration was accompanied by three separate exhibits. Most notably, defendant added to his reasons for plea withdrawal by discussing his dissatisfaction with former counsel Ryan Pacyga's performance and the fact that his plea

3

document included an errant case number.[1]  *Id*.  Defendant claimed these were additional bases upon which to grant his motions to withdraw from his plea. *Id*.

The Court held proceedings on November 13, 2015. The government was represented by Assistant United States Attorney Allen Slaughter.  Defendant was present and represented by James Sheehy. Mr. Sheehy addressed the Court and explained how he believed there as an irretrievable breakdown in communication between he and defendant, as defendant had already attempted to fire him during their first meeting and again shortly before the hearing on November 13, 2015. Mr. Sheehy requested to withdraw from representation. The Court took that request under advisement.

The Court also had an extensive discussion with defendant regarding his previous pleadings, defendant's requests to withdraw from his guilty plea, as well as the April 3, 2015, guilty plea itself. Defendant read from multiple prepared pages during the course of the proceedings. When asked specifically by the Court, defendant admitted it was his signature on the April 3, 2015, plea document – contrary to his previous representation. Furthermore, using a transcript from the plea hearing, the Court asked defendant several questions tied to that proceeding as well as his claimed justifications for plea withdrawal. Defendant was also given several opportunities to elaborate upon any purported and legitimate basis upon which this Court could find that a fair and just reason would justify plea withdrawal.

---

[1] Defendant's declaration essentially details a claim of ineffective assistance.  Defendant in his declaration also maintained that the plea document was originally entitled with a different case number (14-289 instead of 14-388). Akin to his earlier signature argument, he claimed that this provided a fair and just basis for him to withdraw from his plea. These and other claims were addressed during the November 13, 2015, hearing.

II. DISCUSSION

    A. Relevant Legal Framework

"A guilty plea is a solemn act not to be set aside lightly." *United States v. Pacheco*, 641 F.3d 970, 973 (8th Cir. 2011)(quoting *United States v. Bowie*, 618 F.3d 802, 810 (8th Cir. 2010)). *See also United States v. Davis*, 583 F.3d 1081, 1089 (8th Cir. 2009) (internal quotation marks omitted)). "A defendant may withdraw a plea of guilty...after the court accepts the plea, but before it imposes sentence if...the defendant can show a fair and just reason for requesting the withdrawal." *Id*. (quoting Fed.R.Crim.P. 11(d)(2)(B)). A defendant does not have an absolute right under Rule 11 to withdraw a guilty plea. *United States v. Abdullah*, 947 F.2d 306, 311 (8th Cir. 1991) (in context of predecessor Rule 32(e)). Instead, a court must consider in deciding to grant or deny a motion to withdraw a guilty plea before sentencing:

> (1) whether defendant established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawal, whether the government would be prejudiced.

*United States v. Boone*, 869 F.3d 1089, 1091-92 (8th Cir. 1989)).

Furthermore, if a defendant does not present a "fair and just" reason for withdrawal of the guilty plea, a district court need not examine the remaining three factors. *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)(citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir.1996). *See also United States v. Vest*, 125 F.3d 676, 679 (8th Cir. 1997); *United States v. White*, 610 Fed. Appx. 579, 581 (8th Cir.

5

2015)(pressure from family or attorney "does not imply undue coercion such that the plea was involuntary"). And overall, "[t]he defendant bears the burden of proving why withdrawal of his guilty plea should be permitted." *Austin*, 413 F.3d at 857 (citing *United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997)).

Furthermore, the Eighth Circuit has made clear many times that motions to withdraw guilty pleas prior to sentencing should not be granted lightly. *See, e.g., United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). A defendant must present a significant reason for withdrawing his plea, and a change of heart about the wisdom of the plea does not suffice:

> Rule 11 proceedings are not an exercise of futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom.

*United States v. Newson*, 46 F.3d 730, 732 (8th Cir. 1995); *see also United States v. Fitzhugh*, 78 F.3d 1326, 1328 (8th Cir. 1996).

More specifically, the Eighth Circuit has repeatedly held that when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledges committing the crime, the occasion for setting aside a plea should seldom arise. *United States v. Jones*, 111 F.3d 597, 601-602 (8th Cir. 1997); *United States v. Peebles*, 80 F.3d 278, 279 (8th Cir. 1996) (*per curiam*); *Newson*, 46 F.3d at 732; *see also United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992).

    B.  Findings

The Court has conducted a detailed review of the aforementioned pleadings regarding defendant's motions to withdraw from his guilty plea. Following the lengthy

colloquy during the November 13, 2015, hearing, as described above, this Court determined that defendant has not presented a fair and just reason for the withdrawal of his plea. The Court notes that it is entitled to make credibility determinations when assessing demands to withdraw from a plea. *See, e.g., United States v. Allen*, 981 F.Supp. 564, 569 (N.D. Iowa Oct. 8, 1997). Here, defendant's multiple arguments in support of plea withdrawal sound in buyer's remorse – both individually and cumulatively.

Defendant avers that he was pressured into his plea. However, review of the April 3, 2015, plea transcripts with Defendant, and his responses to questions regarding that proceeding, clearly demonstrate he was not pressured. Instead, defendant has simply changed his mind regarding his plea, which he entered into knowingly and voluntarily. Defendant's other withdrawal arguments, such as not actually signing the plea document or an errant case number atop a plea agreement (which is irrelevant), indicate clearly to this Court that defendant merely has post-plea regrets and that his claims are incredible.

Furthermore, "belated misgivings about [the] wisdom" of a plea is not a basis to grant such relief. *United States v. Newson*, 46 F.3d 730, 732 (8th Cir. 1995). Because defendant has not demonstrated a fair and just reason to withdraw from his plea agreement, the Court will conduct no further in its analysis. *United States v. Gray*, 152 F.3d 816, 819 (8th Cir. 1998).

III.   NO ADDITIONAL HEARING IS NECESSARY

Although the Court took testimony from defendant on November 13, 2015, and ruled on his motions from the bench, his request for an evidentiary hearing on the withdrawal issue could still be deemed as outstanding. This Court "can deny a motion to

7

withdraw a guilty plea without holding an evidentiary hearing 'if the allegations in the motion are inherently unreliable, are not supported by specific facts or are not grounds for withdrawal even if true.'" *United States v. Alvarado*, 615 F.3d 916, 920 (quoting *United States v. Morrison*, 967 F.2d at 264, 268 and *United States v. Thompson*, 906 F.2d 1292, 1299 (8th Cir. 1990)). Because each of defendant's claims are unreliable, incredible, and based entirely in a change of heart as to the wisdom of his plea, the Court will not take further evidence on the issue.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS ORDERED**:

1. the Court will take the oral Motion for Withdrawal of Counsel by trial counsel James Sheehy under advisement;

2. that defendant's July 24, 2015, First Motion to Withdraw Plea of Guilty (ECF 93) is **DENIED**;

3. that defendant's September 15, 2015, *pro se* Motion to Withdraw Plea of Guilty (ECF 107) is **DENIED**;

4. that defendant's request for an evidentiary hearing regarding his motions to withdraw his guilty plea is **DENIED**.

Dated: November 23, 2015     s/ Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge