UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-388(1) (PAM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Brian Miranda-Ortiz, | |
| Defendant. | |

This matter is before the Court on Defendant Brian Miranda-Ortiz's Petition for Writ of Replevin and/or Return of Property under Fed. R. Crim. P. 41(g).  Miranda-Ortiz seeks the return of $196,000 in cash that he claims was seized from his residence and his business at or around the time of his arrest, as well as two cell phones and a firearm.

**BACKGROUND**

In late 2014, Defendant was indicted and ultimately pled guilty to conspiracy to distribute methamphetamine.  The Indictment sought the forfeiture of "any and all property constituting, or derived from, any proceeds obtained directly or indirectly as a result of [the criminal violations], and any and all property to be used, in any manner or part to commit or to facilitate the commission of said violations including: $160,000 in U.S. currency." (Docket No. 16 at 4.)  In January 2015, the Government filed a bill of particulars outlining the cash it sought to forfeit from Miranda-Ortiz, in the total amount of $160,376.05, plus a Glock firearm.  (Docket No. 50.)

In April 2015, Miranda-Ortiz entered a guilty plea in which he agreed to the

forfeiture of property connected to his offense. (Docket No. 76.) Three months later, the Government filed a preliminary notice of criminal forfeiture for the firearm. The Court entered a preliminary order of forfeiture as to the firearm in July 2015 (Docket No. 89), and the firearm was finally forfeited in March 2016. (Docket No. 170.)

The cash, however, was administratively forfeited through the Drug Enforcement Administration's ("DEA") administrative procedures, pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), codified in part at 28 U.S.C. § 2465(b). Those procedures are set forth in the Affidavit of Vicki L. Rashid, Forfeiture Counsel of the DEA. (Docket No. 265.) They included direct notice to Miranda-Ortiz of the DEA's intent to forfeit the cash, by certified mail, return receipt requested, to his residence or his business address, to his attorney, and to Miranda-Ortiz's jail address, and the posting of notice on Forfeiture.gov. In March and April 2015, after the notice period expired and having received no claims to the cash, it was forfeited to the United States.

The cell phones that were seized were not forfeited, either criminally or through administrative procedures. The Government does not object to returning those cell phones to Miranda-Ortiz once his postconviction proceedings are final.

Miranda-Ortiz now claims that the cash, gun, and cell phones must be returned to him because the Government did not establish the requisite connection between these items and the offense to which he pled guilty. He also asserts that the failure to include the forfeiture in the Court's sentencing judgment means that the forfeiture did not comply with due process or the rules governing forfeiture in the federal courts.

**DISCUSSION**

As an initial matter, the fact that the forfeitures at issue here are not specifically included in the Court's sentencing judgment is irrelevant to the legal analysis. The Court entered a final judgment of forfeiture as to the Glock handgun a week before Miranda-Ortiz's sentencing. (Docket No. 171.) Thus, there was no reason to include that already final forfeiture in Miranda-Ortiz's sentencing judgment, because a completed criminal forfeiture is considered part of the sentencing judgment. See Fed. R. Crim. P. 32.2(b)(4)(A). Moreover, Miranda-Ortiz knew that the forfeiture would be considered part of his criminal judgment because the Court's preliminary forfeiture Order provided as such. (Docket No. 89, ¶ 5.) Administrative forfeitures, which are by definition non-judicial, are not part of the sentencing judgment.

**A.     Administrative Forfeiture**

The only appropriate way for Miranda-Ortiz to challenge the administrative forfeiture of the cash seized from him is by a motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e)(1) and (5). United States v. Croskey, 626 F. App'x 655, 656 (8th Cir. 2015). The Court construes the instant Petition as such a challenge. But a motion under § 983(e) may challenge only whether the DEA "provided adequate notice of the administrative forfeitures." Id. It cannot "challenge the merits of the administrative forfeiture actions." Id. In other words, this Court is without jurisdiction to review the merits of Miranda-Ortiz's challenge to the administrative forfeitures. See Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir. 2005) (federal courts lack jurisdiction to

review merits of administrative forfeiture; review is limited to determining whether agency followed proper procedural safeguards).

Miranda-Ortiz's reply memorandum does not take issue with the procedures the DEA followed in administratively forfeiting the cash seized from him. The Court has examined those procedures and finds that the DEA provided Miranda-Ortiz with sufficient notice before the administrative forfeiture of the cash. See Nunley v. Dep't of Justice, 425 F.3d 1132, 1137-40 (8th Cir. 2005) (notice sent by certified mail to facility where potential claimant is incarcerated is a rebuttable presumption that notice was adequate). Miranda-Ortiz's challenge to the administrative forfeiture is denied.

Miranda-Ortiz also argues that administrative forfeiture procedures violate the separation of powers and are thus unconstitutional. But no court, either in this Circuit or outside it, has so held. And indeed, both administrative and criminal forfeiture are legislatively created mechanisms to enforce the criminal laws. There is no separation-of-powers issue with administrative forfeitures, and Miranda-Ortiz's contention on this point is without merit.

**B.     Criminal Forfeiture**

The forfeiture of the Glock firearm was accomplished pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c). (See Docket No. 89, ¶ 2.) The Rules provide a mechanism to challenge the seizure of property in a criminal investigation, but that mechanism does not extend to property that has been forfeited. Fed. R. Crim. P. 41(g); see also United States v. Hunt, No. 14cr314(4), 2016 WL 8970339, at *2 (D. Minn. Dec. 16, 2016) (Kyle, J.) (Defendant whose property is forfeited "lacks the lawful

entitlement to the [property] that is required for him to prevail" on a Rule 41(g) motion.). Moreover, any challenge to the nexus between the forfeited property and the crime, such as that Miranda-Ortiz raises here, is properly brought in a direct appeal, not in a postconviction proceeding such as this Motion.  See Hunt, 2016 WL 8970339, at *2 (citing cases).  Miranda-Ortiz may not challenge merits of the firearm's forfeiture under Rule 41(g).

**CONCLUSION**

As noted, the Government has no objection to returning the two cell phones to Miranda-Ortiz at the conclusion of his postconviction proceedings.  Thus, once Miranada-Ortiz has exhausted his postconviction challenges, the cell phones may be returned to his designated representative pursuant to DEA procedures.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Petition for Writ of Replevin and/or Return of Property (Docket No. 261) is **GRANTED in part** and **DENIED in part**;

2. Defendant's Petition is **DENIED** as to the administratively forfeited cash and the criminally forfeited Glock firearm; and

3. Defendant is entitled to the return of the two Samsung Galaxy cell phones at the conclusion of his postconviction proceedings and pursuant to the DEA's procedures for such return.

Date:   June 8, 2020

                                                                  *s/Paul A. Magnuson*
                                                                 Paul A. Magnuson
                                                                 United States District Court Judge